UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| BEN JOHNSON, | § |
| | § |
| Petitioner, | § |
| VS. | § CIVIL ACTION NO. 4:11-CV-3710 |
| | § |
| WILLIAM STEPHENS, | § |
| | § |
| Respondent. | § |

## MEMORANDUM AND ORDER

Petitioner Ben Johnson is an inmate in the custody of the Texas Department of Criminal Justice. He filed a document styled as a petition for a writ of *coram nobis*. For the following reasons, Johnson's petition is actually a successive petition for a writ of habeas corpus and must be transferred to the Fifth Circuit.

**I.    Background**

Johnson was convicted of aggravated robbery in the 232nd District Court of Harris County, Texas on April 23, 2004. He is currently serving a 50 year sentence based on the conviction, with enhancements for two prior felony convictions.

On October 26, 2011, this Court dismissed Johnson's petition for a writ of habeas corpus as barred by the relevant statute of limitations. The memorandum and order dismissing the petition also noted that Johnson had filed two prior unsuccessful habeas corpus petitions challenging the same conviction.

On March 6, 2013, Johnson filed his current petition for a writ of *coram nobis*. This petition asserts that the prior convictions used to enhance Johnson's sentence on the 2004 aggravated robbery conviction were invalid. He further contends that his counsel in the 2004 case was ineffective for failing to investigate, and challenge the validity of, the prior convictions.

## II.     Analysis

Coram nobis

> is a procedural tool whose purpose is to correct errors of fact only, and its function is to bring before the court rendering the judgment matters of fact which, if known at [the] time judgment was rendered, would have prevented its rendition . . . The essence of the common law remedy of coram nobis is that it is addressed to the very court which renders the judgment in which injustice is alleged to have been done, in contrast to appeals or review directed to another court; the words "coram nobis," meaning "our court," as compared to the common-law writ of "coram vobis," meaning "your court," clearly points this up. The writs of coram nobis and coram vobis have been abolished by Fed.R.Civ.P 60(b) and superseded by relief as provided in the rule.

BLACK'S LAW DICTIONARY 337 (6th ed. 1990). It thus appears that Johnson has filed an obsolete writ in the wrong court.

Regardless of the obsolescence of the writ, the relief Johnson seeks is, in effect, habeas corpus relief. While Johnson attempts to frame his argument as an attack on the validity of his prior convictions, he does not seek any relief from those convictions. Rather, he objects to the use of those convictions to enhance his sentence for the 2004 aggravated robbery conviction. He is thus attacking the 2004 sentence, not the prior convictions. When a post-judgment motion or petition seeks what is essentially habeas corpus relief, the motion or petition should be treated as a petition for a writ of habeas corpus. *Williams v. Whitley*, 994 F.2d 226, 230 n.2 (5th Cir. 1993). As noted above, Johnson has already filed at least three previous habeas corpus petitions challenging this conviction.

"Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); *Felker v. Turpin*, 518 U.S. 651, 664 (1996) ("The Act requires a habeas petitioner to obtain leave from the court of appeals

before filing a second habeas petition in the district court."). "Indeed, the purpose and intent of [28 U.S.C. § 2244(b)(3)(A)] was to eliminate the need for the district courts to repeatedly consider challenges to the same conviction unless an appellate panel first found that those challenges had some merit." *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (citing *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998)).

This Court is without jurisdiction to consider a successive petition. *See Key*, 205 F.3d at 774 ("Accordingly, § 2244(b)(3)(A) acts as a jurisdictional bar to the district court's asserting jurisdiction over any successive habeas petition until [the circuit court] has granted the petitioner permission to file one."). Federal law vests authority in the Fifth Circuit to authorize the filing of a successive habeas application. Federal procedure allows a district court to transfer a successive habeas application to the circuit court for review under 28 U.S.C. § 2244(b)(2). *See In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

> Whenever a civil action is filed in a court . . .and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

28 U.S.C. § 1631. Three conditions underlie a proper transfer: "(1) the transferring court lacks jurisdiction; (2) the transferee court could have exercised jurisdiction at the time the action was filed; and (3) the transfer is in the interest of justice." *Cruz-Aguilera v. I.N.S.*, 245 F.3d 1070 (9th Cir. 2001).

This Court lacks jurisdiction to consider Johnson's claims. The Fifth Circuit, could have exercised jurisdiction at the time Johnson filed this action. "Normally transfer will be in the interest of justice because normally dismissal of an action that could be brought elsewhere is

time consuming and justice-defeating." *Miller v. Hambrick*, 905 F.2d 259, 262 (9th Cir. 1990). Therefore, this Court directs the Clerk to transfer Johnson's action to the United States Court of Appeals for the Fifth Circuit for a determination of whether, under 28 U.S.C. § 2244(b)(2), that court should authorize the filing of a successive habeas petition.

SIGNED on this 20th day of November, 2013.

_____
Kenneth M. Hoyt
United States District Judge